312-391, People of the State of Illinois Appellee by John Duffy v. Demsco, Appellant by Joel Murphy Counsel? Good afternoon, Your Honor. Good afternoon. Mr. Bayless, Madam Clerk, Mr. Duffy, may it please the Court. It does. My name is Joel Murphy, and I'm here today on behalf of Mr. Dennis Demsco. And what we are asking the Court to find is that the trial court abused its discretion by failing to sentence Mr. Demsco to what is commonly referred to as task probation, short for treatment alternative to street crimes, under the Alcoholism and Probation as in other cases, or regular probation. The reason the Court abused its discretion is considering the findings that the Court made prior to sentencing Mr. Demsco to regular probation as opposed to task probation. Now, the purpose of task in the Act, Your Honors, is to prevent drug use, encourage treatment and rehabilitation by allowing eligible defendants to elect rehabilitative treatment instead of traditional sentencing, and to restore substance abuse addicts to good health and useful citizenship. Under the Act, if the Court has reason to believe that an individual suffers from alcoholism or other drug addiction, and he is eligible to make the election provided by the statute, the Court shall advise him that he may be sentenced to probation under the Act and shall be subject to certain terms and conditions if he elects to submit to treatment and if he is accepted to treatment by a designated program. What the statute provides is that if this person elects to undergo treatment, the Court shall order an examination to determine whether 1. the person suffers from alcoholism or other drug addiction and 2. is likely to be rehabilitated through treatment. This examination is then provided to the Court, and if the Court finds that a defendant suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of a designated program for treatment unless, and this is what I submit, guides the Court's discretion. If all those conditions precedent are found, the Court shall sentence the person to task probation unless, given consideration to the nature and circumstances of the offense and the history, character, and condition of the individual, the Court is of the opinion that either no significant relationship exists between the addiction or alcoholism and the crime committed or that imprisonment or periodic imprisonment is necessary for the protection of the public. As to each of these issues, Your Honors, the Court specifically found that the defendant suffers from alcoholism and substance abuse, that he was under the influence of alcohol and drugs at the time of the incident, and this was also confirmed by the task evaluation and information that was brought forth in the sentencing hearing. The Court specifically found that the defendant was a candidate for task, that he was, quote, in need of those services and was likely to be and that imprisonment was not necessary for the protection of the public. Because of those findings, the Court was required to place Mr. Densko on task probation. The reasons that the Court did not place Mr. Densko on task probation were not within its discretion according to the statute. Those reasons were that the Court felt that task was under certain budgetary constraints. Also that other people may be in more need of the services, even though it acknowledged that Mr. Densko was in need of those services, because it felt that Mr. Densko was in treatment and he had been doing well for a certain number of months. The Court also believed that a conviction, not imprisonment, but a conviction would be more appropriate, considering the circumstances of the offense, the defendant's background, etc. It would be a different argument, Your Honors, and I would be in a much different position if the Court had said, considering the circumstances of this offense, considering Mr. Densko's background, I feel that imprisonment is appropriate to protect the public. If that had been the case, I would not be here in front of Your Honors arguing that the Court was not within its discretion or that it had to allow Mr. Densko to submit to treatment if the Court had sentenced him to imprisonment. But the fact that the Court had made the finding that imprisonment was not necessary and specifically found all of the other conditions precedent, quite frankly, the reasons that the Court gave were not within its discretion. Therefore, the Court erred by failing to sentence Mr. Densko to task probation, and I'm asking the Court to remand this case back to the trial court with some guidance as to its discretion and to sentence Mr. Densko appropriately under the Act. Thank you. Thank you. Do you think part of his, one of his issues is that he was like, is his work proactive and that he went to all these programs prior to the court hearing and was successfully succeeding in all of them prior to that? Correct. I think it had been several months. He had been reportedly doing well, attending counseling, not having used drugs or alcohol in that time period. So the Court felt, I guess, in a sense that other people would be in more need of the task services. Thank you. Ms. Duffy? Good afternoon, Your Honors. Counsel? I take issue with counsel's characterization of the idea that the statute says a court shall place a defendant on task probation if these requirements are met. The only thing the court is required to do is the court shall order an evaluation of a defendant if he requests a task evaluation. But when it comes time to sentence this defendant, there is no shall in the statute. The trial judge is still left with discretion whether or not a defendant should be placed on task probation. This particular defendant, no question, needed some rehabilitation. He got it. He had inpatient and outpatient rehabilitation treatment prior to the sentencing. He was under the care and that continued for 13 months. By his own admission, he had not had any alcohol or substance other than that prescribed for him in the prior 13 months prior to sentencing. He was still undergoing counseling at two separate places, some relationship counseling, and also because he has schizophrenia, he was under a doctor's care and was taking his prescribed medications. Now the trial judge looked at this and said, look, task probation is designed to help you with substance or alcohol abuse problems, to try to rehabilitate you, get you off your alcohol, off your substance, whatever substance you're taking. You've already done that. You've been doing that for the prior 13 months. Also what I need to look at is the nature and character of your offense. This defendant had a part of criminal history, misdemeanor convictions for battery, disorderly conduct, and driving under the influence. Five weeks after he committed the incident offense, he committed a battery on his stepmother, punching her in the face. He shoved his girlfriend into a wall in a hotel room. He punched his father and knocked his glasses off. Those charges were filed against him, but as part of the agreement in this case, they were dismissed. Now I believe the judge did note that task probation is expensive. But also that there are other people who, given the fact the defendant is already under this treatment, could benefit more from the task probation that was available. Resources were limited. What he actually said when he imposed sentence, reminding the court, of course, that this defendant was sentenced to probation, the conditions of which were that he continue with the treatment plans he was already on. I think at Guiding Light, he's under treatment at Guiding Light. And there was another facility, New Day Center, the medical director, Dr. Richard Reedy. At any rate, when the trial judge entered the sentence of probation, he noted that the defendant had been receiving treatment and it was working very well for him. That based upon the defendant's criminal conduct and his subsequent battery of his stepmother, the trial judge found that a conviction, a felony conviction, was proper. The only difference in this type of probation and task probation is that under task, this defendant would not have a felony conviction. The trial judge felt it was important that he did have. But perhaps it was about time he did, based upon his prior criminal history and his subsequent criminal history after he committed the accidentous case. He further believed that, contrary to the defendant's argument, that a conviction in probation would not affect the defendant's social security disability benefits. He advised the defendant that if he found out that his disability benefits were affected by a criminal conviction as opposed to incarceration, where disability benefits will abate during the period of incarceration, to come back into court and he would reconsider whether or not probation was appropriate. Now, quite frankly, based upon this record, it appears to the people that what this trial judge was careful and thoughtful in determining what he believed was an appropriate sentence for this defendant and it was important to him that this defendant receive a felony conviction. He made that perfectly clear. That is well within his discretion. He exercised that discretion. I understand that the judge was very thorough because there was a concern regarding social security disability and if the conviction would impact that. I guess maybe where I have a little disagreement is in two parts. You said that he was very considerate and felt that the conviction was appropriate and very necessary, yet he did say, but if it affects his social security disability, come back into court. And I'll give it some reconsideration. Yes. And then the other part where you said there is no language in the statute regarding a requirement for this probation, it does, to me, at least in Section B, where it says the court on the basis of the report and other information finds that such an individual suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of the designated program for treatment. I guess that's where, I mean, that's the statutory language. It does say shall there. Well, what he found was you have been in inpatient rehabilitation treatment for alcohol and substance abuse. You have been in outpatient treatment for 13 months for alcohol and substance abuse treatment. The truth is task probation cannot provide that for you because you've already been through that process. Task probation is not going to rehabilitate you if you've been rehabilitated. If you are, you know, went through alcohol and substance abuse treatment, if you had abstained from both of those for the last 13 months, task probation is not required for you to become rehabilitated. So his self-help, as it were, is actually, well, all the things that he's done, the in-house treatment, the outpatient treatment, all of that is essentially two strikes against him for doing all that because now he has no purpose to go to task. No, no. Is there nothing that task could do for a fellow like this? I mean, see him every two months or three months during the period of the task? Put him in inpatient rehab. I'm not talking about that. I'm talking about is there nothing they could do to continue to guide him, meet with him quarterly, meet with him bimonthly, and see how he's doing and ask him some questions about what's been going on. Would that not suffice? Isn't he surrounded by people who do that? His doctor, he's under treatment for schizophrenia. I'm not saying. He's undergoing. I'm not saying. My question doesn't go to whether he did well or saw the right people or continues to see the right people, which we hope that he does, but whether tasks can additionally be involved in that process, maybe not as actively as they would have been had he done nothing, but can they not provide a systematic ongoing review of how he's doing for the period. They can provide something. Task probation. Task probation would have no effect on his schizophrenia at all. It's not that I have any objection to this defendant being on task probation, but when the trial judge determines you need a felony conviction based upon these factors, it's really difficult to say it's an abuse of discretion based upon the defendant's criminal history. Well, if he truly meant that, why would he indicate, I'll reconsider if you're going to lose your medical benefits. Not medical, but his disability benefits. His disability benefits. Because I think he knew that that was not going to happen. I think he's well aware of the fact that only incarceration causes your disability benefits to abate. You weren't going to lose your SSD benefits because you were on probation because of a conviction. But I suggest this. This is one of those defendants that should be very careful about what they ask for because they just might get it. Judge Wright, you know what task probation is. You know how oppressive it is and how easy it is to violate that probation. My suggestion is this defendant should consider himself lucky. But you decide whether you think this trial judge abused his discretion or not. Send it back. I'm assuming he could be sentenced to task probation yet, and if that's what he wants, perhaps that's what he should get. Okay. I appreciate that it is difficult, and anyone that suffers an addiction problem as serious in nature as this is debilitated after 13 months. I think every study and every professional would tell you that. But isn't the carrot that drives task that there isn't a record of conviction? He has demonstrated, I think, in a compelling manner, that he is seeking to overcome his problems with drugs and alcohol and to manage his serious mental illness, for which I would hope that we wouldn't seek punishment for, or to punish him for having gone ahead of sentencing and sought out treatment for that. But the fact that he, on the day that he's sentenced, is sober, certainly, to me, doesn't mean that he should be deprived of all of the benefits of task. If he had been incarcerated in pre-sentence incarceration, he would have been sober and task eligible. So, under what you said earlier, I guess he would have been rehabilitated then. I'm saying that what task is capable of doing was done by the two places that the defendant was already receiving treatment from. He had inpatient treatment. He was still having outpatient treatment, rehabilitation for his alcohol and substance abuse. Task does no more and no less than that. And these are places that the defendant was familiar with, he was comfortable with. He chose to have his rehabilitation there. What the trial judge is saying is, not that I want to deprive you of task, but what you have done is good. What you can continue to do there is good. It is perhaps even better for you than task probation would be. That's all he was saying. And that under those circumstances, based upon criminal activity in your past, and five weeks after you committed this offense, you commit another one, I think a conviction is appropriate. But I will put you on probation and allow you to continue with the rehabilitation that you've already started. Counsel, you have two minutes. That's it. And what I'm saying is, those decisions were within his discretion to do, and it doesn't amount to an abuse of discretion to make those choices. That's what he was supposed to do. One final question. If he had found, let's say that he had not been treating, he had not had any of his inpatient, none of that stuff had been accomplished yet. If Judge Shainstead had found that he was task eligible in every regard and gave him probation, non-task, would he have been allowed to do that? He found everything under the statute just like he did in this case. Would he have been allowed to do that? I don't think he would have done what he did if it hadn't been for the fact that the defendant had undergone that treatment. If he had not had that treatment, I think he would have ordered the task probation. So, in essence, we're saying, by completing all of this and helping yourself and getting your mental illness, everything under control, we're punishing you now with the conviction that you wouldn't have had if you had just waited and we would have put you in this program without doing that yourself. I wouldn't refer to that as a punishment. I think this defendant received treatment because he sorely needed it. He's a schizophrenic who's drinking and doing illicit drugs on top of the drugs he takes for his schizophrenia and he badly needed that treatment. And whoever advised him to seek it and seek it now, gave him good advice. I in no way, shape, or form think this record or this judge in any way punished this defendant for doing that. If he didn't have a substance abuse problem at all, and it was one of us that were out on the street and did what he did that night and had his criminal history, we'd be in prison. We wouldn't be talking about what type of treatment we need. Thank you, Ms. Duffy. Mr. Murphy? I'll be brief, Your Honors. I first wanted to address, obviously, the shall language that I respectfully believe Ms. Duffy had overlooked. The court obviously had acknowledged that, but I think it's worth noting that in addition to the shall language, sometimes shall means may, sometimes shall means shall. So I think it's important to note that it has been previously held that the language in this act is mandatory, not discretionary. In addition, again, counsel has pointed to the circumstances of the offense and wishes to stress some of the negatives regarding that. And therefore, considering all those things, the court was in its discretion to decide that Mr. Demsko should have a conviction as opposed to receive the benefits of test probation. To repeat, again, Your Honors, if the court had said because of those circumstances, because of the harm or whatever regarding those circumstances or the character condition of Mr. Demsko that he should go to prison because that would have been necessary to protect the public, it would be almost impossible, if not very, very difficult for me to argue that that was not within the court's discretion, but that's not the issue because the court found, even considering all of those facts and aspects, that imprisonment was not necessary here for the protection of the public. And so the statute does not say if you find all those conditions precedent that they should get tasked unless they belong in prison for the protection of the public or you think a conviction is more appropriate, then you can do that. But that's not what the statute says. The statute is very clear with regards to the discretion that is provided to the trial court and quite simply the fact that the judge felt Mr. Demsko needed a conviction as opposed to test was not within his discretion because of the specific findings that the court made. Quite frankly, I think this is a very simple case because of the detailed record and finding that the trial court made. And because of those findings, it is my position, Your Honors, that the statute required that Mr. Demsko be placed on task probation. I think it's also important to note, because I believe the court has already acknowledged the logical aspect of this, but even case law has held, and I'm referring to People v. Carroll, which was out of the Fourth District in 1994. Evidence was overwhelming that defendant does in fact suffer from alcoholism and is in need of continued treatment. The trial court's conclusion, based upon defendant's 11 months of sobriety and his apparent ability to hold down a job, sends a clear message to those seeking treatment under the Act. Any successful effort to control your disease or seek treatment prior to sentencing will be held against you. The court felt that that was not within the trial court's discretion in that case and that would clearly frustrate the purpose of the Act. So again, whether someone has sought treatment before sentencing or whether, as Your Honor noted, they were incarcerated and therefore unable to use illicit substances or alcohol, the fact is that if they are still determined by the experts to suffer from alcoholism or dependence and if they can be rehabilitated through treatment, that regardless of a time period where they have not used or received some treatment before, that does not make them ineligible for task. Again, because of the specific findings, because of the mandatory language of the statute, the trial court was not within its discretion to make the decision that it did, and in fact Mr. Demsko was required to be placed on task probation. I'm asking Your Honors to remand the case for appropriate sentencing. Thank you very much. We'll be taking the matter under advisement and taking a short recess for a panel.